UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

In the Matter of the Search Regarding      No. 4:19-mj-76

19-119-04                                  **REDACTED APPLICATION FOR SEARCH AND SEIZURE WARRANT**

I, Kara Kinney, being duly sworn depose and say:

I am a Deputy United States Marshal, in Sioux Falls, South Dakota, and have reason to believe that within the property fully described in Attachment A, attached hereto and incorporated herein by reference, there is now concealed certain information, namely: that fully described in Attachment B, attached hereto and incorporated herein by reference, which I believe will locate the person of Ty Garrett OLSON, for whom a material witness warrant has been issued pursuant to 18 U.S.C. § 3144 in United States v. Phillips and Cathey et al., 4:18-CR-40097, pending before this Court.

The facts to support a finding of Probable Cause are contained in my Affidavit filed herewith.

Kara Kinney, Deputy Marshal
United States Marshals Service

Sworn to before me, and subscribed in my presence on the 6th day of November, 2019, at Sioux Falls, South Dakota.

KAREN E. SCHREIER
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

In the Matter of the Search Regarding    No. 4:19-mj-76

19-119-04

**REDACTED AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT**

I, Deputy United States Marshal Kara Kinney, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A) for information about the location of the cellular telephone, ▆▆▆▆, fully described in Attachment A, attached hereto and incorporated herein by reference (the "**Target Cell Phone**"), whose service provider is Cellco Partnership, dba Verizon Wireless, Inc., a wireless telephone service provider, headquartered at 180 Washington Valley Road, Bedminster, NJ 07921 ("**Service Provider**"). The location information to be seized is described herein and in Attachment B, attached hereto and incorporated herein by reference.

2. I am a Deputy Marshal with the United States Marshals Service in Sioux Falls, South Dakota and have been duly employed in this position since May 10, 2010. I attended the Deputy United States Marshal basic training in Glynco, GA at the Federal Law Enforcement Training Center.

3. As a Deputy United States Marshal, I am charged with the responsibility of investigating fugitives. I am currently assigned to the Sioux Falls Joint Area Fugitive Task Force.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this affidavit, I believe there is probable cause to believe that there is a material witness warrant pending for ▆▆▆▆, and that ▆▆▆▆ has a cellular telephone. There is also probable cause to

believe that the location information described in Attachment B will constitute evidence the location of ▮▮▮, and will lead to his apprehension and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

**PROBABLE CAUSE**

6. On ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

7. The affidavit in support of that warrant identifies the attempts made by other law enforcement officers to locate ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

8. Carrasco advised me that he had made telephonic contact and text contact with ▮▮▮ at phone number ▮▮▮▮▮▮ between ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

9. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

10. I believe that the approval and tracking of the **Target Cell Phone**, coupled with the ability to conduct physical surveillance, will greatly assist law enforcement in establishing the location of ▮▮▮.

11. In my training and experience, I have learned that the Service Provider is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a

half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

12. Based on my training and experience, I know that the Service Provider can collect E-911 Phase II data about the location of the **Target Cell Phone**, including by initiating a signal to determine the location of the **Target Cell Phone** on the Service Provider's network or with such other reference points as may be reasonably available.

13. Based on my training and experience, I know that the Service Provider can collect cell-site data about the **Target Cell Phone**.

## AUTHORIZATION REQUEST

14. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

15. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the **Target Cell Phone** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. See 18 U.S.C. § 3103a(b)(1). The proposed search warrant does not authorize the seizure of any tangible property. See 18 U.S.C. § 3103a(b)(2).

16. I further request that the Court direct Cellco Partnership, dba Verizon Wireless, Inc. to disclose to the government any information described in Attachment A that is within its possession, custody, or control. I also request that the Court direct Cellco Partnership, dba Verizon Wireless, Inc. to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment A unobtrusively and with a minimum of interference with its services, including by initiating a signal to determine the location of the **Target Cell Phone** on its network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government will compensate Cellco Partnership, dba Verizon Wireless, Inc. for reasonable expenses incurred in furnishing such facilities or assistance.

17.     I further request that the information described in Attachment A be provided for the time period starting the date of issuance of the search warrant, until 30 days from the date of issuance of the search warrant.

18.     I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the **Target Cell Phone** outside of daytime hours.

_Kara Kinney_ DUSM 11-6-19
Deputy Marshal Kara Kinney
United States Marshal's Service

Sworn to before me, and subscribed in my presence on the 6th day of November, 2019, at Sioux Falls, South Dakota.

_Karen E. Schreier_
KAREN E. SCHREIER
United States District Judge

REDACTED ATTACHMENT A
Property to Be Searched

1. The cellular telephone assigned call number ███████, the **"Target Cell Phone**,**"** whose service provider is Cellco Partnership, dba Verizon Wireless, Inc., a wireless telephone service provider headquartered at 180 Washington Valley Road, Bedminster, NJ 07921.

2. Information about the location of the **Target Cell Phone** that is within the possession, custody, or control of Cellco Partnership, dba Verizon Wireless, Inc., including information about the location of the cellular telephone if it is subsequently assigned a different call number.

REDACTED ATTACHMENT B
Particular Things to be Seized

All information about the location of the **Target Cell Phone** described in Attachment A for a period of 30 days, during all times of day and night. "Information about the location of the **Target Cell Phone**" includes all available E-911 Phase II data, GPS data, Per Call Measurement Data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Service Provider, is required to disclose the Location Information to the government. In addition, the Service Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Service Provider services, including by initiating a signal to determine the location of the **Target Cell Phone** on the Service Provider, network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Service Provider, for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. See 18 U.S.C. § 3103a(b)(2).

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

In the Matter of the Search Regarding   No. 4:19-mj-76

19-119-04

**REDACTED SEARCH AND SEIZURE WARRANT**

TO:   ANY AUTHORIZED LAW ENFORCEMENT OFFICER

An application by a federal law enforcement officer or an attorney for the government requests the search of the person and property described in Attachment A, attached hereto and incorporated herein by reference.

I find that the affidavit, or any recorded testimony, establish probable cause to search and seize the property described above for the information fully described in Attachment B, attached hereto and incorporated herein by reference, and that such search will reveal the location of Ty Garrett Olson, for whom there is a material witness warrant pending pursuant to 18 U.S.C. § 3144.

**YOU ARE COMMANDED** to execute this warrant on or before _November 20, 2019_ (not to exceed 14 days)
☒ in the daytime – 6:00 a.m. to 10:00 p.m.
☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the undersigned Judge.

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized,
☐ for _____ days (not to exceed 30).
☐ until, the facts justifying, the later specific date of _____.

_November 6, 2019  2:38 pm_ at Sioux Falls, South Dakota
Date and Time Issued

                                              _/s/ Karen E. Schreier_
                                              KAREN E. SCHREIER
                                              United States District Judge

[2]

REDACTED ATTACHMENT A
Property to Be Searched

1. The cellular telephone assigned call number ███████, the **"Target Cell Phone**," whose service provider is Cellco Partnership, dba Verizon Wireless, Inc., a wireless telephone service provider headquartered at 180 Washington Valley Road, Bedminster, NJ 07921.

2. Information about the location of the **Target Cell Phone** that is within the possession, custody, or control of Cellco Partnership, dba Verizon Wireless, Inc., including information about the location of the cellular telephone if it is subsequently assigned a different call number.

REDACTED ATTACHMENT B
Particular Things to be Seized

All information about the location of the **Target Cell Phone** described in Attachment A for a period of 30 days, during all times of day and night. "Information about the location of the **Target Cell Phone**" includes all available E-911 Phase II data, GPS data, Per Call Measurement Data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Service Provider, is required to disclose the Location Information to the government. In addition, the Service Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Service Provider services, including by initiating a signal to determine the location of the **Target Cell Phone** on the Service Provider, network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Service Provider, for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. See 18 U.S.C. § 3103a(b)(2).